## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS L. SMITH, | : | Civil No. 1:26-CV-00946 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DR. ADAM BLOOM, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Presently before the court is a complaint filed by Dennis L. Smith ("Plaintiff"), a self-represented individual currently housed at the State Correctional Institution Greene ("SCI-Greene"), alleging a denial of medical care. (Doc. 1.)  Plaintiff has applied to proceed *in forma pauperis*.  (Doc. 2.)  The court will grant Plaintiff's motion to proceed *in forma pauperis*, file the complaint, dismiss the complaint without prejudice, and grant Plaintiff leave to file an amended complaint.

### BACKGROUND

On April 14, 2026, the court received and docketed Plaintiff's complaint in the above captioned action.  (Doc. 1.)  This complaint names the following eight defendants: (1) Adam Bloom, Regional Director of the Middle District of Psychiatry; (2) Ms. Bullinger, RN; (3) Jane Davis, Psychiatrist; (4) Joe Durst, Licensed Psychology Manager; (5) Joe Wolf , Licensed Psychology Manager; (6)

1

Jane Irwin, PSS/PSA; (7) T. Miller, A/DSCS; and (8) Jane Salamon, Superintendent at SCI-Rockview. (*Id.*) Plaintiff alleges that the events giving rise to the complaint took place at SCI-Rockview during the month of June of 2024 and have continued to the present. (Doc. 1.) Plaintiff provides the following paragraph of alleged facts:

> In the month of June 2024 I went to PRT (Psychological Review Team) and after putting a request slip in and getting a response from Defendant Ms. Bullinger stating "you['re] scheduled to be seen." I asked PRT to be seen for Gender Dysphoria Evaluation. They claimed I had to finish the Behavior Management Unit (BMU) in order to be evaluated. I then filed a grievance[.] During this time in the BMU I committed self[-]harm to myself several times. I tried swallowing stuff then being sent out to the hospital. I've cut myself and they failed to give me the proper care that is stated within (WPATH) (World Professional Association of Transgender Health).

(Doc. 1, p. 6.)[1] Based on these facts, Plaintiff brings claims under the Eighth Amendment for cruel and unusual punishment, deliberate indifference, and failure to protect. (Doc. 1, p. 7.)

Plaintiff filed a motion to proceed *in forma pauperis* and a prisoner trust fund account statement. (Docs. 2, 3.) The court will grant Plaintiff's motion to proceed *in forma pauperis* and screen the complaint.

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Rockview in Centre County, Pennsylvania, which is located in this district.  *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

### DISCUSSION

Plaintiff filed this complaint raising claims under 42 U.S.C. § 1983 premised on the denial of medical care at SCI-Rockview. (Doc. 1.) However, the facts, as alleged, fail to state a claim upon which relief may be granted.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United

States.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."  *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint does not allege the personal involvement of any individually named Defendant except that of Ms. Bullinger.  Instead, he uses the pronoun "they."  This group pronoun does not allow the court to draw the reasonable inference that any of the individual defendants are liable for any specific alleged misconduct.  Thus, the claims against all Defendants other than Ms. Bullinger must be dismissed.

Turning to the facts alleged against Ms. Bullinger, Plaintiff simply alleges that she responded to his request slip by stating that he was scheduled to be seen. (Doc. 1, p. 6.)  To establish a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendant was deliberately indifferent to those medical needs.  *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).  Nothing about Ms. Bullinger's alleged response establishes that she was deliberately indifferent to Plaintiff's medical needs.  Therefore, the claim raised against Ms. Bullinger will also be dismissed.

## CONCLUSION

For the above-stated reasons, the court will grant Plaintiff's motion to proceed *in forma pauperis*, file the complaint, and dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The court will grant Plaintiff leave to file an amended complaint to cure the above stated pleading defects.  Any amended complaint will be titled "Amended Complaint" and filed under the same case number set forth above.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 17, 2026