## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS L. SMITH,                      :    Civil No. 1:26-CV-00946
                                      :
    Plaintiff,                        :
                                      :
    v.                                :
                                      :
DR. ADAM BLOOM, *et al.*,             :
                                      :
    Defendants.                       :    Judge Jennifer P. Wilson

### MEMORANDUM

Presently before the court is an amended complaint filed by Dennis L. Smith

("Plaintiff"), a self-represented individual currently housed at the State

Correctional Institution Greene ("SCI-Greene"), alleging a denial of medical care.

(Doc. 9.)  Plaintiff has made minimal changes in his amended complaint.  The

court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),

dismiss the amended complaint, and grant Plaintiff leave to file a second amended

complaint.

### BACKGROUND

On April 14, 2026, the court received and docketed Plaintiff's complaint in

the above-captioned action.  (Doc. 1.)  This complaint named the following eight

defendants: (1) Adam Bloom, Regional Director of the Middle District of

Psychiatry ("Bloom"); (2) Ms. Bullinger, RN; (3) Jane Davis, Psychiatrist; (4) Joe

Durst, Licensed Psychology Manager; (5) Joe Wolf , Licensed Psychology

1

Manager; (6) Jane Irwin, PSS/PSA; (7) T. Miller, A/DSCS; and (8) Jane Salamon, Superintendent at SCI-Rockview. (*Id.*) Plaintiff alleged that the events giving rise to the complaint took place at SCI-Rockview during the month of June of 2024 and have continued to the present. (Doc. 1.) Plaintiff provided the following paragraph of alleged facts:

> In the month of June 2024 I went to PRT (Psychological Review Team) and after putting a request slip in and getting a response from Defendant Ms. Bullinger stating "you['re] scheduled to be seen." I asked PRT to be seen for Gender Dysphoria Evaluation. They claimed I had to finish the Behavior Management Unit (BMU) in order to be evaluated. I then filed a grievance[.] During this time in the BMU I committed self[-]harm to myself several times. I tried swallowing stuff then being sent out to the hospital. I've cut myself and they failed to give me the proper care that is stated within (WPATH) (World Professional Association of Transgender Health).

(Doc. 1, p. 6.)[1] Based on these facts, Plaintiff brought claims under the Eighth Amendment for cruel and unusual punishment, deliberate indifference, and failure to protect. (Doc. 1, p. 7.)

On April 17, 2026, the court entered a memorandum and order granting Plaintiff *in forma pauperis* status and screening the complaint. (Docs. 6, 7.) The court dismissed all claims in the complaint because Plaintiff did not allege the personal involvement of seven out of the eight Defendants and the alleged facts concerning Defendant Bullinger did not state a claim under the Eighth

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Amendment.  (Doc. 6, p. 5.)  The court granted Plaintiff leave to file an amended complaint.  (Doc. 7.)

On April 27, 2026, the court received and docketed an amended complaint naming the same eight defendants, except Plaintiff changed the spelling of Bullinger to Ballinger.  (Doc. 9.)  The amended complaint contains the following updated statement of facts:

> In the month of June 2024 I sent to the Psychological Review Team (PRT) after putting a sick call/request slip into Medical about getting seen for problems with feeling like my mind and body didn't match up with my mind.  I then sent out a request slip about whats going on, the defendant Ms. M. Ballinger answered I was scheduled to be seen next month.  I waited and then nothing happened.  I asked PRT "whats going on?"  I was then told by the defendants that defendant Dr. Bloom states I have to complete the Behavior Management Unit (BMU).  During and before this time I committed self-harm by swallowing stuff and cutting myself.  I was sent out to the hospital several time and going to a Psychiatric Observation Cell (POC).  The defendants failed to provide me the care per the World Professional Association for Transgender Health (WPATH).  Which is the Standards of Care for the health of Transexual, Transgender, and Gender-Non-Conforming people.

(*Id*., p. 6.)  Based on these amended facts, Plaintiff raised Eighth Amendment claims of deliberate indifference, cruel and unusual punishment, and delay of medical care.  (*Id*., p. 7.)

The court will screen the amended complaint.

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter

jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Rockview in Centre County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b).

### STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

### DISCUSSION

Plaintiff filed this amended complaint raising claims under 42 U.S.C. § 1983 premised on the denial of medical care at SCI-Rockview. (Doc. 9.) However, the amended facts still fail to state a claim upon which relief may be granted.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged

wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint does not allege the personal involvement of any individually-named Defendant except Defendants Ballinger and Bloom. Instead, he repeatedly refers to the actions of the Psychological Review Team ("PRT"), but he does not identify those who serve on the PRT. (Doc. 9.) As such, this group reference does not allow the court to draw the reasonable inference that any of the individual defendants are liable for any specific alleged misconduct. Likewise, Plaintiff alleges several actions on behalf of the collective "the defendants." (*Id.*, p. 6.) By alleging that all eight Defendants took the same action, the court is unable to draw a reasonable inference that any of the individual defendants are liable for any specific alleged misconduct. Thus, the claims against all Defendants other than Defendants Ballinger and Bloom must be dismissed.

Turning to the facts alleged against Defendant Ballinger, Plaintiff simply alleges that she responded to his request slip by stating that he was scheduled to be seen. (Doc. 9, p. 6.) To establish a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendant was deliberately indifferent to those medical needs.

*See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).  Nothing about Defendant Ballinger's alleged response establishes that she was deliberately indifferent to Plaintiff's medical needs.  Therefore, the claim raised against Defendant Ballinger will also be dismissed.

While the amended complaint names Defendant Bloom, it does not properly raise an Eighth Amendment claim against him.  Instead, it alleges that Plaintiff was told by "the defendants" that Defendant Bloom "states I have to complete the Behavior Management Unit."  (Doc. 9, p. 6.)  Here, there is no allegation that Defendant Bloom denied treatment.  Instead, as related by others, he set forth the required steps to obtain treatment.

"Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'"  *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979)).  Mere disagreement over proper treatment does not state a claim upon which relief can be granted.  *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of

7

malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."). Here, Plaintiff is alleging that the treatment offered him at SCI-Rockview was not consistent with the standards of the World Professional Association for Transgender Health without otherwise alleging how he was denied necessary medical treatment. (Doc. 9, p. 6.) This is not sufficient to state a claim under the Eighth Amendment and the claim will be dismissed.

### CONCLUSION

For the above-stated reasons, the court will and dismiss the amended complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will grant Plaintiff a final opportunity to amend his pleading by filing a second amended complaint. This second amended complaint must cure the above-mentioned pleading defects, or the complaint will be dismissed with prejudice and the case will be closed. Any second amended complaint will be titled "Second Amended Complaint" and filed under the same case number set forth above.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: May 4, 2026